**G. Wesley SODORFF, Jr., Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. C–84–790 RJM.**

United States District Court,
E.D. Washington.

March 4, 1985.

James J. Worland, Spokane, Wash., for plaintiff.

John E. Lamp, U.S. Atty., Spokane, Wash., F. Michael Kovach, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION

ROBERT J. McNICHOLS, Chief Judge.

The plaintiff commenced this action against the United States pursuant to 26 U.S.C. § 7426(b) to enjoin the tax sale of his residence.

Initially the plaintiff sought a Temporary Restraining Order, however, the Government agreed to postpone the sale pending a hearing on an injunction.

An evidentiary hearing was held on November 21, 1984 and November 27, 1984. Post trial memoranda were filed in late January, and the issues were submitted for decision.

The evidence establishes the following facts: Ralph and Angela Visintainer operated a business which became delinquent in tax obligations to the Government. Mr. Visintainer died on June 18, 1980 and probate proceedings were instituted in the Superior Court for Spokane County.

In December of 1981 a tax lien was filed against Mr. Visintainer's estate based upon a 100% penalty for the failure to pay withholding taxes.

At the time of Mr. Visintainer's death he and his wife were in the process of constructing a home in Spokane. The structure was not yet completed. The partially completed home was listed on the inventory in the probate initially at a value of $130,-000. Shortly thereafter, on April 29, 1982 it was reevaluated and inventoried at $80,-000. The real property was set aside to Mrs. Visintainer in lieu of homestead in accordance with Washington law.[1] During the period following Mr. Visintainer's death, Mrs. Visintainer continued to operate the business and made efforts to resolve the tax liabilities. She was unable to generate funds to meet the tax obligations or the penalties and interest which accrued thereon.

In March of 1982 Mrs. Visintainer agreed to sell the house to plaintiff, Mr. Sodorff, for the price of $62,500.[2] I conclude that under all of the circumstances that was the fair market value of the partially completed house at that time. I further conclude that the sale from Mrs. Visintainer to Mr. Sodorff, although not placed of record, was a bona fide arms length sale. Mr. Sodorff, at that time, paid $2500 as earnest money, took possession of the property and commenced to restore and complete the structure.

Prior to March 11, 1983, Mr. Workland, a local tax lawyer, was in communication with representatives of the Internal Revenue Service (IRS) relating to the release of the tax lien insofar as it affected the residential property sold to Mr. Sodorff. The formal closing of the sale from Mrs. Visintainer to Mr. Sodorff was delayed. Mr. Sodorff testified that he was required to have the house more completely finished prior to obtaining a loan. The finishing took a substantial amount of time.

Meanwhile, Mr. Workland was in communication to one extent or another with Mrs. Weisenbach, one of the local revenue officers, who often acted in a supervisory capacity, as well as with other Internal Revenue agents. On March 11, 1983, for example, Mr. Workland wrote to the closing attorney, Mr. Clausen, indicating what obligations should be paid out of the purchase price and instructing that the balance of the sale proceeds should be held to abide appropriate claims, including the Internal Revenue Service lien. A copy of that letter went to Mrs. Weisenbach in the Internal Revenue Service. Again, on April 22, 1983, a similar letter was written by Mr. Workland to Agent Weisenbach. It is true that neither of these letters constituted a formal request for a release of the lien nor a formal agreement that the Government would release its lien. It is clear however, at least as of March 11, 1983, that the IRS was aware that a sale of the property was in progress. The deed from Mrs. Visintainer to Mr. Sodorff was executed on June 2, 1983 and was recorded on June 15, 1983. Meanwhile, on June 14, 1983, the Internal

1. R.C.W. 11.52.016

    The order of judgment of the court making the award or awards provided for in R.C.W. 11.52.010 through 11.52.024 shall be conclusive and final, except on appeal and except for fraud. The awards in R.C.W. 11.52.010 through 11.52.024 provided shall be in lieu of all homestead provisions of the law and of exemptions. The said property, when set aside as herein provided, shall be exempt from all claims for the payment of any debt of the deceased or of the surviving spouse existing at the time of death, whether such debt be individual or community. Under R.C.W. 11.52.010 through 11.52.024, the court shall not award more property than could be awarded under the law in effect at the time of the granting of the award.

2. Between the time of Mr. Visintainer's death and the sale of the house to Mr. Sodorff the house had deteriorated badly. It had not been closed in against the elements. There was extensive damage from water and apparent vandalism.

Revenue Service filed its lien against Mrs. Visintainer. Subsequently, an agent of the Internal Revenue Service communicated with Mr. Clausen, the closing attorney, and determined the details of the sale, including the prior claims against the property which had been paid at the closing. That agent instructed Mr. Clausen that the balance of the proceeds should be held to abide the IRS lien.

Meanwhile, Mr. Sodorff had expended over $100,000 completing the house. This was in addition to the $62,500 purchase price. The Government does not dispute the fact that the other claims, which were paid out of the sale proceeds were superior to the claims of IRS. In July of 1984 the IRS decided to enforce its tax lien and sell the residential property at a forced tax sale. Subsequently, the tax sale was scheduled, triggering this action by Mr. Sodorff. I will now address the issues.

The plaintiff contends:

1. That this court has jurisdiction under 26 U.S.C. 7426(b) to enjoin the sale.

2. That Mrs. Visintainer acquired title and ownership of the residential property by virtue of the order of the Spokane County Superior Court setting it aside to her in lieu of homestead.

3. That this procedure transferred the property free of the lien which had been filed by the IRS against the estate in December of 1981.

4. That the interest of Mr. Sodorff under his purchase agreement with Mrs. Visintainer in March of 1982 was superior to any rights which the IRS acquired by virtue of its lien filed June 14, 1983 and that, at best the Government would have a lien upon the net proceeds of sale after satisfaction of various obligations superior to the IRS lien. Those prior liens totalled approximately $50,000.

5. That the IRS lien extended only to the taxpayer's interest in the property and that Mrs. Visintainer's interest was the difference between the sale price of $62,500 (which I have concluded was a fair and reasonable price) and the obligations which were superior to the IRS lien.

6. That under the circumstances the IRS is estopped from proceeding against any interest of Mr. Sodorff in the property.

*Government's Contentions*

1. That this court has no jurisdiction to enjoin the tax sale since the levy against Mrs. Visintainer is presumptively valid and cannot be challenged in this court.

2. That since the deed to Mr. Sodorff was recorded subsequent to the date of the IRS lien of June 14, 1983 and since the deed conveyed subject to that lien, the Government has an interest prior to any interest of Mr. Sodorff.

3. That the equities have nothing to do with the case. In that regard, it is the government's position that the fact that Mr. Sodorff's funds were used to pay off some $50,000 in claims which were superior to those of the government and that he invested substantial funds in the property after his purchase are totally irrelevant.

*Discussion*

The government's argument that the court has no jurisdiction under the statute is tenuous at best. 26 U.S.C. 7426(b) provides:

(b) **Adjudication.** The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:

(1) **Injunction.**—If a levy *or* sale would irreparably injure rights in property which the court determines to be superior to the rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy *or* to prohibit such sale. (Emphasis added).

The only logical interpretation of the quoted section is that if the court determines that the rights in property of one other than the taxpayer are superior to the United States and a sale would irreparably injure that person's right, the court may enjoin the sale. Consequently, I conclude that this court has jurisdiction.

■ I am satisfied that the lien against the estate of Mr. Visintainer (the December 1981 lien) was defeated by the action of the superior court in setting the property aside to Mrs. Visintainer in lieu of homestead. R.C.W. 11.52.016

■ Consequently, at the time Mr. Sodorff made the agreement with Mrs. Visintainer in March of 1982 to purchase the property and paid the earnest money, he acquired an interest in the property superior to anyone other than a bona fide purchaser for value. The IRS was not in that category. Consequently, I conclude that Mr. Sodorff's rights in the property were superior to the rights of the United States under its lien of June 14, 1983. The tax lien was filed after the deed was executed in favor of Mr. Sodorff and only the day before that deed was recorded. When the tax lien was recorded on June 14, 1983 the IRS was fully aware that a sale was in progress and that it was the intention of the seller that the net proceeds to which the IRS might be entitled would be held to abide that lien. Whether that legal obligation existed or not need not be decided since the net proceeds have been tendered to the government to apply to certain tax claims against Mrs. Visintainer. Moreover, for what bearing it has, the IRS advised the closing attorney to hold all remaining funds after the payment of prior claims because the IRS had a lien thereon.

In my judgment Section 7426 was enacted by the Congress to cover precisely situations such as exist here. The legislative history (1966 U.S.Code Cong. & Adm.News, pp. 3722, 3751) provides:

Where a person brings a wrongful levy action, or an action claiming an interest in either surplus or substituted sale proceeds, the relief the Federal district court can grant is limited by one of the four types described below.

First, the bill provides that a court can enjoin the Government from proceeding once it has levied, where it determines that a seizure or surrender of property under a levy, or a sale or property following a levy, makes injunctive relief appropriate. Injunctive relief is limited to cases where the court determines the Government's action is wrongful and, if completed, would irreparably injure the rights of another in the property which are prior to the rights of the Government.

Had the IRS perfected and foreclosed a tax lien prior to Mr. Sodorff's purchase, it would have recovered no more than the net proceeds of the sale after payment of prior encumbrances. Based on the evidence, such recovery would have been no more (and probably less) than the net proceeds presently being held by the closing attorney.

■ Now the Government seeks the benefits provided by Mr. Sodorff in satisfying approximately $50,000 in prior encumbrances and improving the property to the tune of $100,000 plus. Such a result would be wrongful and [if allowed] would irreparably injure the rights of another in the property which are prior to the rights of the Government. 26 U.S.C. § 7426(b).

I conclude that a permanent injunction should issue. The Government is hereby enjoined from selling the property. Moreover, the net proceeds of the Sodorff sale should be applied to the tax liability of Mrs. Visintainer—those for which she may be personally responsible.

This memorandum shall constitute the Findings of Fact pursuant to Rule 52(a), Federal Rules of Civil Procedure.

IT IS SO ORDERED.